IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMIE PAUL DESPER, ) | Civil Action No. 7:12-cv-00575 | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| COMMUNITY CORRECTIONS, ) | By: | Hon. Michael F. Urbanski |
|     Respondent. ) | | United States District Judge |

Jamie Paul Desper, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the judgment entered by the Circuit Court of Augusta County. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

**I.**

Following his guilty plea, the Circuit Court of Augusta County sentenced petitioner on September 18, 2007, to five years' incarceration and three years' probation for taking indecent liberties with a child. Petitioner did not appeal the conviction.

On October 31, 2011, petitioner filed a petition for a writ of habeas corpus with the Circuit Court of Augusta County, which dismissed the petition on January 18, 2012. Petitioner appealed to the Supreme Court of Virginia, which dismissed the appeal on May 30, 2012, and denied a subsequent motion for a rehearing on September 20, 2012.

Petitioner filed the instant federal habeas petition on October 25, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised petitioner that the petition appeared to be untimely filed, and requested

argument why the court should consider the petition timely filed.  Petitioner argues that he did not realize his claims sooner because his probation officer and the Circuit Court of Augusta County would not "tell [him] anything or give [him] [his] files for [his] review."  Petitioner also argues that the claims are timely filed within one year of Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), and Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation.  28 U.S.C. § 2244(d)(1).[1]  Petitioner first argues that the petition is timely filed because he could not have known the grounds of his claims because his probation officer and the Circuit Court of Augusta County would not help him.  See 28 U.S.C. § 2244(d)(1)(D) (permitting the statute of limitations to run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence).  The court finds this argument unpersuasive because petitioner neither identifies an applicable date for these events nor describes how asking for assistance from a probation officer and a state court qualifies as "due diligence" to discover the instant claims about prosecutorial misconduct, ineffective assistance of defense counsel, a coerced guilty plea, and petitioner's innocence.

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

Petitioner also argues that the petition is timely filed under § 2244(d)(1)(C) pursuant to Lafler v. Cooper, __ U.S. __, 132 S. Ct. 1376 (2012), and Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), which were issued on March 21, 2012.[2] However, Lafler and Frye did not announce a new rule of constitutional law, and petitioner does not establish that Lafler and Frye retroactively apply to cases on collateral review. See, e.g., Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (holding that Lafler applied an "established rule"); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (holding that Lafler and Frye did not announce a new rule of constitutional law); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) (same); Robertson v. United States, 2012 U.S. Dist. LEXIS 99485, 2012 WL 2930481, at *2 (W.D. Va. July 18, 2012) (Wilson, J.) (holding that Lafler and Frye do not recognize a new right and are not retroactively applicable to cases on collateral review); United States v. Tew, 2012 U.S. Dist. LEXIS 83130, 2012 WL 2236662, at *2 (W.D. Va. June 15, 2012) (Conrad, C.J.) (confirming that Lafler did not "recognize any new rights for criminal defendants").

The only applicable part of the statute of limitations permitted petitioner to file the instant petition within one year of the date his conviction became final.[3] 28 U.S.C. § 2244(d)(1)(A). See United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). Petitioner's conviction became final in October 2007 when the time expired for petitioner to note an appeal from the Circuit Court of Augusta County to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from

---

[2] Lafler held that counsel can render ineffective assistance by misadvising a defendant to reject a plea offer only to receive a more severe penalty at trial, and Frye held counsel can render ineffective assistance by not disclosing a prosecutor's plea offer to a defendant.
[3] Petitioner did not argue that he experienced any impediment to filing an application for habeas relief, pursuant to § 2241(d)(1)(B).

3

the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). However, petitioner filed his state habeas petition in October 2011, nearly four years after his conviction became final, and filed the instant petition in October 2012. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing a state habeas petition cannot revive an already expired federal limitation period). Clearly, petitioner filed the instant habeas petition more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in the record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, petitioner filed his federal habeas petition more than one year after the limitations period expired, petitioner is not entitled to equitable tolling, and the petition must be dismissed. See Hill v. Braxton, 277 F.3d

4

701, 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred.  Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

    Entered:  February 4, 2013

    */s/ Michael F. Urbanski*

    Michael F. Urbanski
    United States District Judge

5

Case 7:12-cv-00575-MFU-RSB   Document 8   Filed 02/04/13   Page 5 of 5   Pageid#: 40